**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **CALVIN R. WALLACE, JR.,** | § | |
| **TDCJ No. 02224789** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **V.** | § | **W-20-CV-918-ADA** |
| | § | |
| **BOBBY LUMPKIN, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| | § | |
| **Respondent.** | § | |

## ORDER

Before the Court are Petitioner Calvin R. Wallace, Jr.'s pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1), Respondent's Response (ECF No. 9), and Petitioner's Reply (ECF No. 13). Having reviewed the record and pleadings submitted by both parties, the Court concludes Petitioner's federal habeas corpus petition should be denied under the standards prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* 28 U.S.C. § 2254(d).

## I. Background

In October 2016, Petitioner was charged by indictment with one count of delivery of a controlled substance, namely methamphetamine in an amount of one gram or more but less than four grams; the charge was enhanced by a finding that the offense occurred in a drug free zone. (ECF No. 10-6 at 5.) On May 24, 2017, Petitioner pleaded guilty to the charge and, pursuant to a plea agreement, was placed on deferred adjudication

1

community supervision for eight years. (*Id.* at 6-7.) Petitioner did not file a direct appeal of deferred adjudication order.

On August 30, 3018, the State filed its First Amended Motion to Adjudicate Guilt and Revoke Community Supervision, listing seven violations of Petitioner's community supervision. (*Id.* at 13-15.) After a hearing, the Court found six violations to be true; adjudicated Petitioner's guilty plea; made a finding that the offense occurred in a drug free zone; and sentenced Petitioner to fifteen years imprisonment. *State v. Wallace*, No. 16-23724 (52nd Dist. Ct., Coryell Cnty., Tex. Sept. 20, 2018.) (*Id.* at 17-18.) Petitioner thereafter appealed and his appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967). Petitioner's conviction was affirmed on appeal on August 1, 2019. *Wallace v. State*, No. 13-18-00588-CR, 2019 WL 3486736 (Tex. Ct. App.—Corpus Christi-Edinburg, Aug. 1, 2019; no pet.) Petitioner did not file a Petition for Discretionary Review (PDR) with the Texas Court of Criminal Appeals (TCCA) nor did he file a petition for writ of certiorari with the United States Supreme Court. (ECF No. 1 at 3.)

On March 16, 2020, Petitioner filed his pro se state habeas corpus application, listing the following grounds for relief:

1. His trial attorney, Sandy Gately, provided ineffective assistance of counsel wgeb she failed to perform an independent factual investigation and failed to have the indictment quashed.

2. Petitioner's adjudication counsel, Steven Striegler, provided ineffective assistance when Mr. Striegler failed to perform an independent factual investigation and failed to visit or communicate with Petitioner outside of court appearances. The trial court also erred when it denied Petitioner's motion to replace Mr. Striegler.

3. Ms. Gately failed to disclose her discovery to Petitioner, thus denying him the right to examine the evidence against him.

2

4. Petitioner's guilty plea was rendered involuntary by Ms. Gately and Mr. Striegler's deficient performance, specifically their failure to complete an independent investigation into the facts of the case.

(ECF No. 10-7 at 67-82.) On May 19, 2020, the state habeas court entered its Findings of Fact and Conclusions of Law and recommended denying Petitioner's habeas petition. (ECF No. 10-8 at 8-19.) On August 26, 2020, the TCCA denied Petitioner's state habeas application without written order on the findings of the trial court without hearing and on the court's independent review of the record. *Ex parte Wallace,* No. WR-91, 382-01. (ECF No. 10-1.)

On September 28, 2020, Petitioner filed his federal habeas corpus petition, listing the following four grounds for relief:

1. Ms. Gately provided ineffective assistance of counsel when she failed to challenge the indictment or perform an independent investigation. She also failed to convey to Petitioner the second plea offer she alluded to in her affidavit before the state habeas court.

2. Mr. Striegler provided ineffective assistance of counsel when he failed to visit or communicate with Petitioner and failed to perform an independent investigation.

3. The discovery given to Petitioner was heavily redacted such that his trial counsel, Ms. Gately, could not challenge the drug free zone enhancement, and Petitioner could not examine the evidence.

4. Petitioner's guilty plea was rendered involuntary by both Ms. Gately and Mr. Striegler's deficient performance, as well as Ms. Gately's failure to convey the second plea offer to Petitioner.

(ECF No. 1.) On December 9, 2020, Respondent filed their response (ECF No. 9), to which Petitioner replied on February 26, 2021 (ECF No. 13).

3

## II. Standard of Review

Petitioner's federal habeas petition is governed by the heightened standard of review provided by AEDPA. *See* 28 U.S.C. § 2254. Under § 2254(d), a petitioner may not obtain federal habeas corpus relief on any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Brown v. Payton*, 544 U.S. 133, 141 (2005). This demanding standard stops just short of imposing a complete bar on federal court re-litigation of claims already rejected in state proceedings. *Harrington v. Richter*, 562 U.S. 86, 102 (2011) (citing *Felker v. Turpin*, 518 U.S. 651, 664 (1996)).

A federal habeas court's inquiry into unreasonableness always should be objective rather than subjective, with a focus on whether the state court's application of clearly established federal law was "objectively unreasonable" and not whether it was incorrect or erroneous. *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003) (citing *Williams v. Taylor*, 529 U.S. 362, 409 (2000)). Even a strong case for relief does not mean the state court's contrary conclusion was unreasonable. *Richter*, 562 U.S. at 102. A petitioner must show that the state court's decision was objectively unreasonable, which is a "substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007); *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the

4

correctness of the state court's decision." *Richter*, 562 U.S. at 101 (citation omitted). As a result, to obtain federal habeas relief on a claim previously adjudicated on the merits in state court, Petitioner must show that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 103; *see also Bobby v. Dixon*, 565 U.S. 23, 24 (2011). "'If this standard is difficult to meet—and it is—that is because it was meant to be.'" *Mejia v. Davis*, 906 F.3d 307, 314 (5th Cir. 2018) (quoting *Burt v. Titlow*, 571 U.S. 12, 20 (2013)).

### **III. Analysis**

1. Time Bar (claims 1, 3-4)

Respondent argues Petitioner's claims one, three and four—where Petitioner challenges his guilty plea and Ms. Gately's performance—are barred by the statute of limitations. In his reply, Petitioner argues that he started the appeal process on September 20, 2018, and has acted diligently to pursue his claims, despite his ignorance of the legal system. (ECF No. 13.)

Under the AEDPA, a state prisoner must file a § 2254 petition within one year of the date the judgment became final. 28 U.S.C. § 2244(d)(1)(A). The Fifth Circuit has held that "an order of deferred adjudication community supervision, . . . is a judgment for purposes of section 2244." *Caldwell v. Dretke*, 429 F.3d 521, 528 (5th Cir. 2005). Petitioner's order of deferred adjudication was entered on May 24, 2017. (ECF No. 10-6 at 17-18.) According to Texas Rule of Appellate Procedure 26.2(a)(1), a defendant must file a notice of appeal "within 30 days after the day sentence is imposed or suspended in

open court." Petitioner therefore had until June 26, 2017 to file his notice of appeal. *See* TEX. R. APP. P. 4.1 (computing time). When Petitioner did not file a notice of appeal, his judgment became final on June 26, 2017. *See* 28 U.S.C. § 2244(d)(1)(A) (judgment becomes final at conclusion of direct review or expiration of time for seeking such review). Petitioner therefore had until June 26, 2018 to file a § 2254 petition challenging his order of deferred adjudication. The instant petition was not filed until September 28, 2020, over two years after the limitation period had expired. Therefore, absent either statutory or equitable tolling, Petitioner's claims relating to his 2017 order of deferred adjudication are time-barred by the AEDPA's one-year statute of limitations.

A. *Statutory Tolling*. The AEPDA's one-year limitations period is subject to tolling during the period when a properly filed application for state habeas relief is pending. 28 U.S.C. § 2244(d)(2). In this case, Petitioner did not file his state habeas application until March 16, 2020, nearly two years after the limitations period had expired. As a result, Petitioner's state habeas petition does not operate to toll the limitations period.

B. *Equitable Tolling*. The Supreme Court has held that a federal habeas petitioner may be entitled to equitable tolling "'only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). Equitable tolling is only available in cases presenting "'rare and exceptional circumstances'," *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)), and is "'not

intended for those who sleep on their rights'," *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012) (quoting *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010)).

Petitioner has not shown that any "extraordinary circumstance" prevented him from timely filing his state habeas application. *See Holland*, 560 U.S. at 651 (extraordinary circumstance must be something beyond petitioner's control); *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009) (to be entitled to equitable tolling, "'[a] petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify'" (quoting *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006)). Petitioner asserts that he had difficulty comprehending the legal system, has been pursuing relief pro se, and had to conduct intense studying to prepare his habeas application. For these reasons, Petitioner indicates that barring him based on limitations would be unfair. Unfortunately, these issues are not exceptional circumstances warranting relief under the law. *U.S. v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008) (petitioner's ignorance of law, lack of legal training or representation, and unfamiliarity with legal process do not rise to the level of rare or exceptional circumstance warranting equitable tolling). Accordingly, because Petitioner is not entitled either to statutory or equitable tolling, his claims challenging the order of deferred adjudication are time-barred and dismissed.

2.  Ineffective Assistance of Counsel

The only claims not time-barred are Petitioner's claims alleging his adjudication counsel, Steven Striegler, provided constitutionally deficient assistance of counsel. The Sixth Amendment to the United States Constitution guarantees citizens the assistance of

counsel in defending against criminal prosecutions. U.S. CONST. amend VI. Under Texas law, a defendant in a community supervision revocation hearing has the right to counsel. *See Ex parte Doan*, 369 S.W.3d 205, 210 (Tex. Crim. App. 2012); *see also* TEX. CODE CRIM. PROC. ANN. art. 42A.751(j) (West 2021) (defendant had right to counsel at hearing revoking community supervision).

Sixth Amendment claims based on ineffective assistance of counsel are reviewed under the familiar two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a petitioner cannot establish a violation of his Sixth Amendment right to counsel unless he demonstrates (1) counsel's performance was deficient and (2) this deficiency prejudiced the petitioner's defense. *Id.* at 687-88, 690. The Supreme Court has emphasized that "[s]urmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010).

When determining whether counsel performed deficiently, courts "must be highly deferential" to counsel's conduct and a petitioner must show that counsel's performance fell beyond the bounds of prevailing objective professional standards. *Strickland,* 466 U.S. at 687-89. Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Burt*, 571 U.S. at 22 (quoting *Strickland*, 466 U.S. at 690). To demonstrate prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Under this prong, the "likelihood of a different result must be substantial, not just conceivable." *Richter*, 562 U.S. at 112 (citing *Strickland*, 466 U.S. at 693). A

8

habeas petitioner has the burden of proving both prongs of the *Strickland* test. *Wong v. Belmontes*, 558 U.S. 15, 27 (2009).

Ineffective assistance of counsel claims are considered mixed questions of law and fact and are analyzed under the "unreasonable application" standard of 28 U.S.C. § 2254(d)(1). *See Gregory v. Thaler*, 601 F.3d 347, 351 (5th Cir. 2010). When the state court has adjudicated the claims on the merits, a federal court must review a petitioner's claims under the "doubly deferential" standards of both *Strickland* and Section 2254(d). *See Woods v. Etherton*, 136 S. Ct. 1149, 1151 (2016) (citing *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011)). In such cases, the "pivotal question" is not "whether defense counsel's performance fell below *Strickland*'s standard," but whether "the state court's application of the *Strickland* standard was unreasonable." *Richter*, 562 U.S at 101.

Petitioner claims his adjudication counsel, Steven Striegler, provided ineffective assistance by failing to visit Petitioner in jail to discuss the case and by failing to investigate the case to determine if the offense occurred in a drug free zone. Mr. Striegler responded to Petitioner's allegations in an affidavit filed with the state habeas court:

> "Trial counsel did not 'rely solely on the veracity of the state's investigation and file.' An extensive investigation was certainly performed in preparation for the hearing. Police reports, witness statements, and lab reports were studied carefully. An in-person trip to the scene of the alleged crime was made, and the defendant was interviewed and reviewed all of the pretrial materials exchanged in discovery. An independent investigation was also made into Mr. Wallace's performance on probation. I carefully studied what he accomplished on probation and what terms may have been violated. Payments were not made timely. Documentation provided by the probation office was reviewed, communicate[d] to Mr. Wallace, and analyzed in light of the motions to adjudicate. In addition to meetings before, during, and after all Court settings, numerous teleconferences were conducted with Mr. Wallace and his acquintances [sic] during his time in jail prior to the Court

9

setting a bond, after he posted bond, and after he was jailed in August on the new felony possession charge and the two felony failures to appear. All four 2018 felony charges filed against Mr. Wallace were dismissed at the conclusion of his hearing on the motion to adjudicate, to his benefit. It is difficult to respond to many of the claims. They are conclusory in nature, lacking specifics. Complaints against me echo claims made against Mrs. Gately on an agreed plea from 2017 in different sections of the writ. The trial on the merits of the first amended motion to adjudicate against Mr. Wallace was fair, thorough, and effectively presented by the defense and involved a lot of time in preparation and the trial."

(ECF No. 10-8 at 5-6.)

The state habeas court—which was also the adjudication court—made the following findings of fact and conclusions of law:

14. This Court finds Mr. Steven Striegler was not ineffective. Applicant has failed to show ineffectiveness. This Court also knows Mr. Striegler. This Court has appointed him to represent indigent defendants on numerous occasions. This Court has always found Mr. Striegler's representation to be competent and professional.

15. Applicant's allegations are not supported by the record. Applicant's ineffectiveness claims are not supported by the record.

16. Based upon all of the foregoing, including the State's response, the record, the affidavits and this Court's own recollection, the Court finds Applicant's trial attorneys to be competent and professional in their representation of Applicant. This Court finds they were not ineffective. This Court further finds Applicant's plea to be voluntary and knowing.

(*Id.* at 14-15.)

This Court's review of Petitioner's claim is guided by the AEDPA, under which Petitioner must show that the state habeas court's determination was an unreasonable application of *Strickland*. *Strickland* requires counsel to undertake a reasonable investigation. 466 U.S. at 690-91; *Charles v. Stephens*, 736 F.3d 380, 389 (5th Cir. 2013). In assessing the reasonableness of counsel's investigation, a heavy measure of deference

is applied to counsel's judgments and is weighed in light of the defendant's own statements and actions. *Strickland*, 466 U.S. at 691.

Mr. Striegler attested he reviewed police reports, witness statements, and lab reports; made an in-person trip to the crime scene; and studied Petitioner's performance during the course of his probation. Striegler also refuted Petitioner's allegation that he did not communicate with Petitioner while he was in jail prior to making bond and then prior to the adjudication hearing. The state habeas court credited Mr. Streigler's affidavit and found Mr. Striegler was "competent and professional" during his representation of Petitioner and that his performance was not ineffective. *See Mays v. Stephens*, 757 F.3d 211, 214 (5th Cir. 2014) (citations omitted) (where the state habeas court and trial court are one in the same, the presumption of correctness afforded the state habeas court's factual determinations is especially strong). Under the AEDPA, a state court's factual findings are "presumed to be correct" unless the habeas petitioner rebuts the presumption through "clear and convincing evidence". 28 U.S.C. § 2254(e)(1). In his reply, Petitioner argues Striegler is lying about communicating with Petitioner outside of court hearings and suggests the Court review Coryell County jail records for support. However, as noted above, it is Petitioner's burden to provide clear and convincing evidence, and conclusory allegations are insufficient to meet this burden. *See United States v. Demik*, 489 F.3d 644, 646 (5th Cir. 2007) ("conclusory allegations are insufficient to raise cognizable claims of ineffective assistance of counsel") (quoting *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000)). Further, even if Mr. Striegler did perform deficiently, Petitioner has failed to show prejudice, i.e. but for counsel's deficient performance, there

is a substantial likelihood that the outcome of the adjudication hearing would have been different. *See Richter*, 562 U.S. at 112 (citing *Strickland*, 466 U.S. at 693). Accordingly, the Court concludes the state habeas court's application of *Strickland* was not unreasonable, and this claim is denied.

## IV. Certificate of Appealability

A petitioner may not appeal a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the district court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to the applicant. *See Miller-El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). In cases where a district court rejects a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a district court rejects a habeas petition on procedural grounds without reaching the constitutional claims, "a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's § 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El*, 537 U.S. at 327 (citing *Slack*, 529 U.S. at 484). Accordingly, the Court will not issue a certificate of appealability.

It is therefore **ORDERED** that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DENIED**; and

It is **FURTHER ORDERED** that no certificate of appealability shall issue in this case.

**SIGNED** this 12th day of October, 2021.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE